**FILED**
U.S. District Court
District of Kansas
08/25/2026
Clerk, U.S. District Court
By: SND Deputy Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

**BRIAN R. HAIMOWITZ,**

**Plaintiff,**

**v.** **CASE NO. 26-3226-JWL**

**F.B., et al.,**

**Defendants.**

**MEMORANDUM AND ORDER
TO SHOW CAUSE**

Plaintiff Brian R. Haimowitz is hereby required to show good cause, in writing to the undersigned, why this action should not be dismissed due to the deficiencies in Plaintiff's Complaint that are discussed herein. Plaintiff is also given the opportunity to file an amended complaint.

## I. Nature of the Matter before the Court

Plaintiff brings this pro se civil rights action under 42 U.S.C. § 1983. Plaintiff is in custody at the Wyandotte County Adult Detention Center in Kansas City, Kansas. The Court has granted Plaintiff's motion for leave to proceed in forma pauperis.

Plaintiff's claims relate to his state criminal proceedings. Plaintiff claims that "on 5/13/2024 the KCKPD knowingly falsely detained, arrested and imprisoned me for crimes they knew I was not guilty of." (Doc. 1, at 2.) He further claims that the "KCKPD tortured me so to get me to talk" and "searched and seized all my property and papers without my consent or a search warrant." *Id*. Plaintiff claims "the KCKPD filed many police reports that defamed me" and that "the state has maliciously prosecuted me as a result." *Id*.

As Count I, Plaintiff brings a claim for "libel/defamation/slander." *Id*. at 4. In support, he

describes inconsistencies between police reports and the victim's statements about where the alleged attempted rape occurred. *Id.* at 4-5. He further claims that police filings claimed he was guilty of failure to register as a sex offender in Missouri where he resides, which he asserts is not true. *Id.* at 5.

As Count II, Plaintiff brings a claim for "false arrest/false imprisonment/negligence." *Id.* at 4. In support, Plaintiff alleges there was an eyewitness who told the police he did not see anything happen, and the police failed to check a video camera in the area. *Id.*

As Count III, Plaintiff brings a claim for torture. *Id.* at 6. He alleges the KCKPD subjected him to sleep and sensory deprivation for hours to get him to talk. *Id.*

As Count IV, Plaintiff brings a claim for unreasonable search and seizure. *Id.* at 7. He alleges that when he was detained, the arresting officer, Avery Donoho, was just talking with him until Plaintiff refused to consent to a search. At that point, Donoho forcibly searched him and seized his property and ID documents. *Id.*

As Count V, Plaintiff brings a claim for malicious prosecution. *Id.* In support, he alleges "the State of Kansas . . . let my attacker who stabbed me (the victim [ ]) go and has worked with them to use their claim of self-defense for stabbing me to prosecute me and keep me locked up in a cage like an animal (in jail) for over 2 years now and counting, even though they have an eye witness named 'Robert Dale Cook' who was sitting in his car where the victim claims I attacked and tried to rape them in the parking lot, and told the police he never saw anything happen to the victim in the parking lot." *Id.*

As Count VI, Plaintiff brings a claim for mental anguish. *Id.* In support, he lists the KCKPD violating his Miranda rights, torturing him, unreasonably searching him and seizing his property, their libel, and the malicious prosecution. *Id.*

Plaintiff names as defendants: the victim, F.B.; the Kansas City, Kansas Police Department; Katelyn Chastain, KCKPD detective; Avery Donoho, KCKPD officer; Matthew Sweeting, KCKPD officer; Blake McMahan, KCKPD officer; David Underwood, KCKPD officer; Brandin Anderson, KCKPD officer; Carlos Ulloa, KCKPD officer; Drew Potter, KCKPD officer; Elijah Lovell, KCKPD officer; Bruce Cobbins, KCKPD CSI; the Wyandotte County DA's Office; the State of Kansas; C. Webb, KCKPD officer; A. Bruce, KCKPD officer. For relief, Plaintiff seeks to have his criminal case, WY-2024-CR-000641, dismissed; $30 million in actual damages; $50 million in punitive damages; the firing and possible prosecution of "all police, detectives, prosecutors, and others who have at any time been involved" in his criminal prosecution; and a letter of apology from the chief of police, the DA, the mayor, and the governor. *Id*. at 5.

**II. Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2); *see also* 28 U.S.C. § 1915(e)(2)(B) (where a plaintiff proceeds in forma pauperis the Court is required to "dismiss the case at any time if the court determines that—. . . (B) the action or appeal—(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from suit.").

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988)

(citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v.*

*Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

## III. DISCUSSION

### 1. Habeas Nature of Claim and Abstention

Plaintiff seeks to have his state criminal case dismissed. "[A] § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, *but not to the fact or length of his custody.*" *Preiser v. Rodriguez,* 411 U.S. 475, 499 (1973) (emphasis added). When the legality of a confinement is challenged so that the remedy would be release or a speedier release, the case must be filed as a habeas corpus proceeding rather than under 42 U.S.C. § 1983, and the plaintiff must comply with the exhaustion of state court remedies requirement. *Heck v. Humphrey*, 512 U.S. 477, 482 (1994); *see also Montez v. McKinna,* 208 F.3d 862, 866 (10th Cir. 2000) (exhaustion of state court remedies is required by prisoner seeking habeas corpus relief); *see* 28 U.S.C. § 2254(b)(1)(A) (requiring exhaustion of available state court remedies). "Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court. In other words, the state prisoner must give the state courts an

opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); *see Woodford v. Ngo*, 548 U.S. 81, 92 (2006); *Rose v. Lundy*, 455 U.S. 509, 518–19 (1982).

"The *Younger* doctrine requires a federal court to abstain from hearing a case where . . . (1) state judicial proceedings are ongoing; (2) [that] implicate an important state interest; and (3) the state proceedings offer an adequate opportunity to litigate federal constitutional issues." *Buck v. Myers*, 244 F. App'x 193, 197 (10th Cir. 2007) (unpublished) (citing *Winnebago Tribe of Neb. v. Stovall*, 341 F.3d 1202, 1204 (10th Cir. 2003); *see also Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)). "Once these three conditions are met, Younger abstention is non-discretionary and, absent extraordinary circumstances, a district court is required to abstain." *Buck*, 244 F. App'x at 197 (citing *Crown Point I, LLC v. Intermountain Rural Elec. Ass'n*, 319 F.3d 1211, 1215 (10th Cir. 2003)).

An online Kansas District Court Records Search shows that Plaintiff's state criminal proceedings are pending. *See State v. Haimowitz*, Case No. WY-2024-CR-000641 (District Court of Wyandotte County, Kansas) (filed May 15, 2024). The court entered an Order for Competency Evaluation on May 6, 2026, and as of July 27, 2026, was waiting for the evaluation to be completed. *Id*.

Therefore, it appears that the first and second conditions for *Younger* abstention would be met because Kansas undoubtedly has an important interest in enforcing its criminal laws through criminal proceedings in the state's courts. *In re Troff*, 488 F.3d 1237, 1240 (10th Cir. 2007) ("[S]tate control over criminal justice [is] a lynchpin in the unique balance of interests" described as "Our Federalism.") (citing *Younger*, 401 U.S. at 44). Likewise, the third condition would be met because Kansas courts provide Plaintiff with an adequate forum to litigate his constitutional

claims by way of pretrial proceedings, trial, and direct appeal after conviction and sentence, as well as post-conviction remedies. *See Capps v. Sullivan*, 13 F.3d 350, 354 n.2 (10th Cir. 1993) ("[F]ederal courts should abstain from the exercise of . . . jurisdiction if the issues raised . . . may be resolved either by trial on the merits in the state court or by other [available] state procedures.") (quotation omitted); *see Robb v. Connolly*, 111 U.S. 624, 637 (1984) (state courts have obligation 'to guard, enforce, and protect every right granted or secured by the constitution of the United States . . . .'"); *Steffel v. Thompson*, 415 U.S. 452, 460–61 (1974) (pendant state proceeding, in all but unusual cases, would provide federal plaintiff with necessary vehicle for vindicating constitutional rights).

"[T]he *Younger* doctrine extends to federal claims for monetary relief when a judgment for the plaintiff would have preclusive effects on a pending state-court proceeding." *D.L. v. Unified Sch. Dist. No. 497*, 392 F.3d 1223, 1228 (10th Cir. 2004); *see also Garza v. Burnett*, 672 F.3d 1217, 1220 (10th Cir. 2012) (citing *Wallace v. Kato*, 549 U.S. 384, 393 (2007)); *Myers v. Garff*, 876 F.2d 79, 81 (10th Cir. 1989) (directing district court to stay claim for damages).

Plaintiff is ordered to show good cause why this case should not be dismissed or stayed based on *Younger* abstention. The failure to respond by the deadline may result in dismissal of this matter without prejudice and without further notice.

**2. Heck Bar**

Plaintiff seeks money damages in this case. As set forth above, Plaintiff's state criminal proceedings are ongoing. However, if he is convicted, any request for money damages may be barred by *Heck*. *See Heck v. Humphrey*, 512 U.S. 477, 482 (1994). Before a plaintiff may proceed in a federal civil action for monetary damages based upon an invalid conviction or sentence, he must show that his conviction or sentence has been overturned, reversed, or otherwise called into

question. *Heck*, 512 U.S. 477. If a judgment on Plaintiff's claim in this case would necessarily imply the invalidity of his conviction, the claim may be barred by *Heck*. In *Heck v. Humphrey*, the United States Supreme Court held that when a state prisoner seeks damages in a § 1983 action, the district court must consider the following:

> whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Id*. at 487. In *Heck*, the Supreme Court held that a § 1983 damages claim that necessarily implicates the validity of the plaintiff's conviction or sentence is not cognizable unless and until the conviction or sentence is overturned, either on appeal, in a collateral proceeding, or by executive order. *Id*. at 486–87.

**3. Improper Defendant**

As noted, to state a claim under § 1983, a plaintiff "must show that the alleged (constitutional) deprivation was committed by a person acting under color of state law." *West*, 487 U.S. at 48–49 (1988); *Daniels v. Williams*, 474 U.S. 327, 330–331 (1986); *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). The "under color of state law" requirement is a "jurisdictional requisite for a § 1983 action." *West*, 487 U.S. at 42; *Polk County v. Dodson*, 454 U.S. 312 (1981). Thus, it is of no consequence how discriminatory or wrongful the actions a plaintiff may describe; merely private conduct does not satisfy the "under color of" element and therefore no § 1983 liability exists. *See Brentwood Academy v. Tennessee Secondary Athletic Ass'n*, 531 U.S. 288, 294–96 (2001); *American Manufs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999). A defendant acts "under color of state law" when he "exercise[s] power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *West*, 487 U.S. at 49; *Lugar v.*

*Edmondson Oil Co.*, 457 U.S. 922, 937 (1982); *Yanaki v. Iomed, Inc.*, 415 F.3d 1204, 1208 (10th Cir. 2005), *cert. denied*, 547 U.S. 1111 (2006).

Plaintiff names the alleged victim as a defendant. He does not allege that she is a state actor and in fact states that she was not acting under color of state law. (Doc. 1, at 3.) Therefore, she is dismissed from this case.

**4. Motion to Supplement Complaint**

Also before the Court is a request from Plaintiff to supplement the Complaint with ten additional pages. (Doc. 6.) Plaintiff seeks to add nine (9) defendants and four (4) claims, as well as additional allegations and relief.

The motion is denied. Nothing Plaintiff seeks to add would alter the Court's conclusion that the Complaint is subject to dismissal for the reasons explained above. Moreover, Plaintiff may not simply supplement his Complaint. To add claims, significant factual allegations, or change defendants, a plaintiff must submit a complete amended complaint. *See* Fed. R. Civ. P. 15.

An amended complaint is not simply an addendum to the original complaint, and instead completely supersedes it. Therefore, any claims or allegations not included in the amended complaint are no longer before the court. It follows that a plaintiff may not simply refer to an earlier pleading, and the amended complaint must contain all allegations and claims that a plaintiff intends to pursue in the action, including those to be retained from the original complaint.

Plaintiff must write the number of this case (26-3226-JWL) at the top of the first page of the amended complaint and must name every defendant in the caption of the amended complaint. *See* Fed. R. Civ. P. 10(a). Plaintiff should also refer to each defendant again in the body of the amended complaint, where Plaintiff must allege facts describing the unconstitutional acts taken by each defendant including dates, locations, and circumstances. Plaintiff must allege sufficient

additional facts to show a federal constitutional violation. Plaintiff is given time to file a complete and proper amended complaint in which Plaintiff (1) raises only properly joined claims and defendants; (2) alleges sufficient facts to state a claim for a federal constitutional violation and show a cause of action in federal court; and (3) alleges sufficient facts to show personal participation by each named defendant. If Plaintiff does not file an amended complaint within the prescribed time that cures all the deficiencies discussed herein, Plaintiff's claims may be dismissed without further notice.

**IV. Response and/or Amended Complaint Required**

Plaintiff is required to show good cause why his Complaint should not be dismissed for the reasons stated herein. Plaintiff is also given the opportunity to file a complete and proper amended complaint upon court-approved forms that cures all the deficiencies discussed herein. In addition, Plaintiff should indicate if he is seeking a stay of this case pending resolution of his state court criminal proceedings. Failure to respond by the deadline may result in dismissal of this matter without further notice.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Supplement (Doc. 6) is **denied**.

**IT IS FURTHER ORDERED** that Plaintiff is granted until **September 25, 2026,** in which to show good cause, in writing to the undersigned, why Plaintiff's Complaint should not be dismissed or stayed for the reasons stated herein.

**IT IS FURTHER ORDERED** that Plaintiff is also granted until **September 25, 2026**, in which to file a complete and proper amended complaint to cure all the deficiencies discussed herein.

**IT IS FURTHER ORDERED** that the first named defendant on the docket sheet is

dismissed from this action. The Clerk is directed to redact the victim's name on Doc. 1 at pages 1, 3, and 7, and on Doc. 6-1 at page 10; to change the victim's name on the docket sheet to the initials F.B.; and to change the abbreviated name of this case on the docket sheet to *Haimowitz v. Chastain et al*.

**IT IS SO ORDERED**.

**Dated August 25, 2026, in Kansas City, Kansas.**

**S/ John W. Lungstrum**
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**