**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**BRIAN R. HAIMOWITZ,**

**Plaintiff,**

**v.** **CASE NO. 26-3226-JWL**

**KATELYN CHASTAIN, et al.,**

**Defendants.**

**MEMORANDUM AND ORDER**

Plaintiff brings this pro se civil rights case under 42 U.S.C. § 1983. Plaintiff is in custody at the Wyandotte County Adult Detention Center in Kansas City, Kansas. The Court granted Plaintiff leave to proceed in forma pauperis. On August 25, 2026, the Court entered a Memorandum and Order to Show Cause (Doc. 7, "MOSC") ordering Plaintiff to show good cause why his Complaint should not be dismissed for failure to state a claim. This matter is before the Court on Plaintiff's Response to the MOSC (Doc. 10) and Amended Complaint (Doc. 11).

Plaintiff alleged in the original Complaint that "on 5/13/2024 the KCKPD knowingly falsely detained, arrested and imprisoned me for crimes they knew I was not guilty of." (Doc. 1, at 2.) He further claims that the "KCKPD tortured me so to get me to talk" and "searched and seized all my property and papers without my consent or a search warrant." *Id*. Plaintiff claims "the KCKPD filed many police reports that defamed me" and that "the state has maliciously prosecuted me as a result." *Id*. The Complaint included six counts: 1) libel/defamation/slander; 2) false arrest/false imprisonment/negligence; 3) torture; 4) unreasonable search and seizure; 5) malicious prosecution; 6) mental anguish. All claims were related to Plaintiff's pending state criminal proceedings.

Plaintiff's factual allegations remain largely the same in the Amended Complaint (Doc. 11; "AC"). Plaintiff describes the nature of his case as follows:

> 1) For Case WY-2024-CR-000641 on 5/13/2024 the KCKPD knowingly detained, arrested, and imprisoned me for crimes they knew I was not guilty of. 2) The KCKPD neglected to collect evidence that if collected at the time could have proven my innocence and ignored eye witness testimony that did prove it. 3) The KCKPD tortured me so to get me to talk to them. 4) The KCKPD searched and seized all my property and papers without my consent or a search warrant and without any of the exceptions to needing a warrant applying. 5) The KCKPD filed many reports that defamed me. 6) The state and court have violated my rights and maliciously prosecuted me. 7) The state has withheld evidence. 8) The State and court has tampered with evidence. 9) The I.A. Unit for the KCKPD has lied and bullied me so to protect the KCKPD. 10) I have suffered both mentally and physically, have been denied my freedom, and have lost my job, home and over $7,000.00 of property.

(Doc. 11, at 2, 4.)

Plaintiff continues to bring the same six counts while adding another seven counts. The new counts include denial of counsel, denial of conflict-free counsel, withholding evidence, violation of right to a speedy trial, negligence, violation of right against excessive bail, and tampering with evidence. All claims are related to Plaintiff's pending state criminal proceedings. Plaintiff also adds 15 defendants, now naming 31 defendants.

For relief, Plaintiff has dropped his request to have his state criminal case dismissed. He now seeks $50 million in "actual" damages; $50 million in punitive damages; the firing of "all police, det.'s, prosecutors, judges, and others who have at any time involved in my criminal case." *Id*. at 18. He further seeks $500,000 in actual damages and punitive damages from each individual defendant in his or her individual capacity, along with all of their "gold, silver, & other precious metals"; "julery, jules, gem stones, coins, bonds, & stocks if they own any"; "their best house, condo, beach house, lake house, castle, winter cabin, summer cabin, car, truck, motorcycle, RV, camper, dirt bike, 4-wheeler, go-cart, e-scooter, e-bike cycle, boat, yacht, plane, jet, hovercraft,

helicopter, jet ski, land, business land, & business with all business equipment included if they own any." *Id*. at 19.

The Court found in the MOSC that Plaintiff's claim was partly habeas in nature because he was seeking to have his state criminal charges dropped, and that portion of the Complaint had to be brought as a habeas corpus proceeding, rather than under § 1983, after exhaustion of state court remedies. In the AC, Plaintiff has attempted to address this problem with the Complaint by deleting his specific request for charges to be dismissed. However, Plaintiff continues to argue about proving his innocence and adds a count for violation of his right to a speedy trial, which is typically a basis for habeas relief as the standard remedy is dismissal of criminal charges. *See Bramhall v. Gill*, No. 2:19-CV-00477, 2023 WL 2941545, at *6 (D. Utah Jan. 31, 2023), *report and recommendation adopted,* No. 219CV00477RJSDAO, 2023 WL 2706736 (D. Utah Mar. 30, 2023). He also adds a count for excessive bail, another typically habeas claim brought after challenging bail in the pending state criminal proceeding by motion for reduction of bail and appeal to the state appellate courts from an order denying such motion. *See Fletcher v. Burns*, No. 07-3279-SAC, 2008 WL 186292, at *2 (D. Kan. Jan. 18, 2008). Plaintiff is again directed that when the legality of a confinement is challenged so that the remedy would be release or a speedier release, the case must be filed as a habeas corpus proceeding rather than under 42 U.S.C. § 1983, and the plaintiff must comply with the exhaustion of state court remedies requirement. *Heck v. Humphrey*, 512 U.S. 477, 482 (1994); *see also Montez v. McKinna,* 208 F.3d 862, 866 (10th Cir. 2000) (exhaustion of state court remedies is required by prisoner seeking habeas corpus relief); *see* 28 U.S.C. § 2254(b)(1)(A) (requiring exhaustion of available state court remedies).

The MOSC further found that because Plaintiff's state criminal proceedings are ongoing, those proceedings implicate an important state interest, and the state proceedings offer an adequate

opportunity to litigate federal constitutional issues, *Younger* abstention applies, requiring it to dismiss or stay the case until Plaintiff's state criminal proceedings conclude. *See Buck v. Myers*, 244 F. App'x 193, 197 (10th Cir. 2007) (unpublished) (citing *Winnebago Tribe of Neb. v. Stovall*, 341 F.3d 1202, 1204 (10th Cir. 2003); *see also Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)).

In his response to the MOSC, Plaintiff argues that the state court has "not guarded, enforced or protected all my rights, but she (the Judge) has violated or allowed others to violate many of my rights" and that he does not therefore have an adequate opportunity to litigate federal constitutional issues in state court. (Doc. 10, at 3-4.) He claims the state court "refuses to hear or rule on the matters on false grounds." *Id*. at 4. Plaintiff then argues that "[i]t would not be wrong for this federal court to allow me to proceed with my civil suit at this time, since my civil suit will allow me to prove my innocence faster than having a trial would." *Id*. at 5. In support, he cites Kansas state court opinions granting habeas relief for speedy trial violations. *Id*.

The Court continues to find that *Younger* abstention applies to Plaintiff's non-habeas claims. "The question presented in assessing the application of *Younger* abstention is not whether Plaintiff is likely to succeed on his constitutional claim in state court. 'The relevant question is whether the would-be federal plaintiff has the *opportunity* to raise his federal claims in state court.'" *Parks v. Jones*, No. CV-18-892-D, 2019 WL 202205, at *2–3 (W.D. Okla. Jan. 15, 2019) (quoting *Gates v. Strain*, 885 F.3d 874, 880 (5th Cir. 2018), *pet. cert. filed*, No. 18-669 (Aug. 28, 2018) (citing *Moore v. Sims*, 442 U.S.415, 425 (1979)) (emphasis in original)). "[I]t is beyond cavil that a state court *is* an adequate forum for the resolution of challenges to distinctly state prosecutorial or court procedures or processes." *Goings v. Sumner Cnty. Dist. Attorney's Off.*, 571 F. App'x 634, 638 (10th Cir. 2014). "[I]t is the plaintiff's 'heavy burden' to overcome the bar of

*Younger* abstention by setting forth more than mere allegations of bad faith or harassment." *Phelps v. Hamilton,* 122 F.3d 885, 889 (10th Cir. 1997). Plaintiff has not met that burden.

The Court further finds, however, that because Plaintiff seeks damages that are unavailable in the state criminal case, the proper disposition of this action is a stay rather than dismissal. *See Myers v. Garff*, 876 F.2d 79, 81 (10th Cir. 1989) ("Although the *Younger* abstention doctrine may require a federal court to withhold action on damage claims in certain circumstances, the district court at most should have stayed rather than dismissed those claims because they cannot be redressed in the pending state proceedings.") (footnote omitted) (citing *Deakins v. Monaghan*, 484 U.S. 193, 202 (1988) ); *see also D.L. v. Unified Sch. Dist. No. 497*, 392 F.3d 1223, 1228 (10th Cir. 2004) ("The rationale for *Younger* abstention can be satisfied ... by just staying proceedings on the federal damages claim until the state proceeding is final."); *Buck v. Myers*, 244 F. App'x 193, 198 (10th Cir. 2007) (unpublished) ("Where the plaintiff in the federal suit seeks damage relief and the *Younger* factors are met, the district court should stay federal proceedings on the damage claims, not dismiss the action altogether."). Therefore, the Court will stay this case and administratively close it until Plaintiff's state court criminal proceedings reach a final conclusion. Plaintiff should notify the Court when all of his state court criminal proceedings have concluded.

**IT IS THEREFORE ORDERED BY THE COURT** that this matter is **stayed** pending resolution of Plaintiff's pending state court criminal proceedings. Plaintiff should notify the Court as soon as his state criminal proceedings have concluded.

**IT IS SO ORDERED**.

**Dated November 9, 2026, in Kansas City, Kansas.**

**S/ John W. Lungstrum**
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**